IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **WANDA H. CHASTAIN,** | : | |
| Plaintiff, | : : | |
| | : | Case No.: 3:09-cv-104 (CAR) |
| v. | : : | |
| **HAZEL HARDIGREE et al.,** | : : | |
| Defendants. | : : | |

### *ORDER DISMISSING FOR FAILURE TO PERFECT SERVICE*

Plaintiff, proceeding *pro se*, filed this action on August 13, 2009, following a dispute with her landlord earlier that year.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 120 days from the filing date to perfect service on the Defendants.  There is no indication in the record that any of the Defendants have received service of the summons and complaint.  Thus, on January 21, 2010, this Court issued an Order to Show Cause [Doc. 8], within ten (10) days, why this case should not be dismissed for failure to serve on Defendants (or Defendants' counsel, if they are represented) a copy of the Complaint [Doc.1] within the requisite 120 days.

As of the date of this Order, Plaintiff has not responded to this Court's Show Cause Order.  When a plaintiff shows no good cause for a failure to perfect service, a district court must dismiss the case without prejudice.  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Before dismissing the case, however, the Eleventh Circuit requires the district

court to consider whether "any other circumstances warrant an extension of time [for Plaintiff to perfect service] based on the facts of the case." <u>Lepone-Dempsey v. Carroll County Comm'rs</u>, 476 F.3d 1277, 1282 (11th Cir. 2007).  The Court acknowledges that Plaintiff is proceeding without counsel.  But while courts "are to give liberal construction to the pleading of *pro se* litigants," such generosity does not excuse *pro se* litigants from failing "to conform to procedural rules." <u>Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007) (quotation and citation omitted); <u>see</u> also <u>Nelson v. Barden</u>, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (dismissing *pro se* litigant's case for failure to effect timely service of process because "a [party's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules.") (quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Plaintiff must comply with the procedural rule here, and any "failure to understand Rule 4(m) does not excuse [Plaintiff's] failure to provide timely service." <u>Cain v. Abraxas</u>, 209 F. App'x 94, 96 (3d Cir. 2006).  Finally, a federal claim brought under Section 1983 is subject to the statute of limitations for tort actions, which is two years in Georgia. <u>See</u> <u>McNair v. Allen</u>, 515 F.3d 1168, 1173 (11th Cir. 2004).  The statute of limitations, therefore, is no impediment to Plaintiff's timely re-filing any colorable constitutional claims.

Seeing no basis for further extending the time for Plaintiff to serve Defendants, the Court **DISMISSES** Plaintiff's claims ***without prejudice***.

**SO ORDERED,** this 9th day of February, 2010.

                                             S/ C. Ashley Royal
                                             C. ASHLEY ROYAL
                                             UNITED STATES DISTRICT JUDGE

THC/apg